UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWAYNE SUMNER

VERSUS

COMPASS GROUP USA, INC.

CIVIL ACTION

NO. 07-410-FJP-DLD

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the motion for summary judgment by defendant Compass Group USA, Inc.[1] Plaintiff Dwayne Sumner has filed an opposition to this motion.[2] The Court originally set oral argument on this motion for May 12, 2009. Whether Sumner could sustain a Title VII retaliation claim under the opposition clause was the primary issue for the Court's decision to set oral argument. However, the United States Supreme Court's recent ruling in *Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee* has clarified the law on what constitutes "opposition" for purposes of a Title VII retaliation claim.[3] Because this issue was paramount in the Court's request for oral argument, the Court no longer believes oral argument is necessary to rule on the pending motion. Based on the holding in *Crawford*, the Court believes that the plaintiff can

---

[1] Rec. Doc. No. 18.

[2] Rec. Doc. No. 23.

[3] 129 S.Ct. 846 (2009).

Doc#45903                                    1

bring a claim for retaliation under Title VII by his "opposition" to alleged discrimination on the part of the defendant involving other parties.

In its memorandum in support of motion for summary judgment, the defendant relied upon the Sixth Circuit's ruling in *Crawford*,[4] but the Supreme Court has reversed *Crawford* on the very grounds upon which the defendant relied to support its motion. In *Crawford*, the plaintiff was terminated after she answered questions about a supervisor's conduct in an investigation of the supervisor's alleged sexual harassment. No charge of discrimination had been filed at the time the employer conducted the investigation. The Sixth Circuit held that plaintiff's actions did not constitute opposition because she merely cooperated with her employer's investigation, appeared for questioning, and then related unfavorable information in response to the questions. The Sixth Circuit held that Crawford's actions did not constitute the kind of "overt opposition" required for Title VII protection.[5] The Sixth Circuit also held that Crawford's participation in an internal investigation initiated by the employer in the absence of a pending EEOC charge is not protected under the participation clause.[6]

---

[4] 211 Fed. Appx. 373, 2006 WL 3307507 (6th Cir. Nov. 14, 2006).

[5] *Id.* at 376.

[6] *Id.* The Fifth Circuit also followed this rule. The participation clause was not applicable "where the plaintiff did not file a charge with the EEOC until *after*" plaintiff's alleged retaliatory discharge took place. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000)(emphasis in original).

Doc#45903                                    2

The United States Supreme Court reversed the Sixth Circuit's ruling and held that the plaintiff's conduct is protected under the opposition clause, stating as follows:

> "Oppose" goes beyond "active, consistent" behavior in ordinary discourse, and may be used to speak of someone who has taken no action at all to advance a position beyond disclosing it. Thus, a person can "oppose" by responding to someone else's questions just as surely as by provoking the discussion. Nothing in the statute requires a freakish rule protecting an employee who reports discrimination on her own initiative but not one who reports the same discrimination in the same words when asked a question.[7]

The fact that the plaintiff in *Crawford* was also the person allegedly harassed does not render *Crawford* inapplicable to the case at bar. As set forth in *Jenkins v. Orkin Exterminating Company, Inc.*, an employee can make a claim for retaliation under Title VII for opposing any unlawful employment practice even if against another.[8] This is the allegation that has been alleged by Sumner in the present case.

After a careful review of the record, the Court also finds that it would be required to make credibility determinations of several witnesses in this matter to grant summary judgment in favor of the defendant, which is clearly improper at the summary judgment stage. The parties have offered conflicting testimony of witnesses in this case such that the Court cannot grant summary judgment at

---

[7] *Crawford*, 129 S.Ct. at 848. The Court did not reach the issue of whether plaintiff's conduct is covered under the participation clause.

[8] 646 F. Supp. 1274 (E.D. Tex. 1986).

this time. The conflicting testimony creates genuine issues of material fact as to the legitimate, non-discriminatory reason given by the defendant for the plaintiff's termination.

THEREFORE:

Defendant's motion for summary judgment is DENIED. The May 12, 2009 oral argument is hereby cancelled and shall be removed from the Court's docket.

Baton Rouge, Louisiana, this 24 day of March, 2009.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　FRANK J. POLOZOLA
　　　　　　　　　　　　　　　　MIDDLE DISTRICT OF LOUISIANA